(90 Misc. Rep. 400)

### WILLETT v. DEVOY, County Clerk.

### CASSIDY v. SAME.

(Nos. 181, 182.)

(Supreme Court, Appellate Term, Second Department. February 23, 1915.)

OFFICERS ⬦98 — DEMANDING UNAUTHORIZED COMPENSATION — LIABILITY — STATUTORY PROVISIONS.

Judiciary Law (Consol. Laws, c. 30) § 252, providing that each clerk of a court must perform his duties without fee, except as prescribed by law, and Public Officers Law (Consol. Laws, c. 47) § 67, providing that any officer demanding any fee or compensation not allowed to him by law shall be liable to the person aggrieved in treble damages, apply to a salaried officer who in good faith and under a mistake of law collects a fee without personally gaining thereby, and the person paying the unauthorized fee may recover treble damages.

[Ed. Note.—For other cases, see Officers, Cent. Dig. §§ 148–151; Dec. Dig. ⬦98.]

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Actions by William Willett, Jr., and by Joseph Cassidy against Charles S. Devoy, individually and as Clerk of the County of Kings. From judgments for plaintiff in each action, defendant appeals. Affirmed.

See, also, 164 App. Div. 897, 148 N. Y. Supp. 1109.

Argued May term, 1915, before VAN SICLEN, MADDOX, and CLARK, JJ.

Hirsh & Newman, of Brooklyn (Benjamin Reass, of Brooklyn, of counsel), for appellant.

Robert H. Elder, of New York City (Otto S. Bowling, of New York City, of counsel), for respondents.

VAN SICLEN, J. Appeals from separate judgments in favor of each plaintiff rendered by the court without a jury upon an agreed state of facts submitted to the court in writing. Separate actions were brought by each plaintiff to recover treble damages for violation by the defendant of section 67 of the Public Officers Law and section 252 of the Judiciary Law.

The plaintiffs after being convicted of a crime in the Supreme Court, appealed from the judgments of conviction to the Appellate Division, and for the purposes of such appeals it was necessary under the practice that the stenographer's minutes as taken at the trial should be certified by the defendant, as county clerk, and as thus certified transmitted to the Appellate Division. The defendant refused to so certify without payment of a fee, amounting to $33.27. The plaintiff then applied to the Supreme Court for a peremptory writ of mandamus to compel the defendant to so certify without fee; but the application was denied, and the plaintiffs appealed from the order thereon to the Appellate Division. Being unable to delay their appeals from the judgment of convictions until the determination by the Appellate Division of the correctness of the refusal of the writ of mandamus, the plaintiffs thereupon paid to the defendant, under protest, the fee demanded. Thereafter the Appellate Division, in the matter of Cassidy v. Devoy, 164 App. Div. 897, 148 N. Y. Supp. 1109, and in the matter of Willett v. Devoy, 163 App. Div. 553, 148 N. Y. Supp. 1002, reversed the order denying the writ, granted the writ with costs, and in the course of its opinion stated that the demand for fee by the defendant was unjustified.

The sections of the laws applicable to such a situation are above referred to, and provide that a county clerk shall not demand a fee for the performance of a service, which he is bound to perform, unless the law somewhere specifically authorizes the demand and collection of such fee. The other section of the law provides that an officer violating the above section shall be liable, not only criminally, but also in an action for treble damages by the person aggrieved. The appellant contends that the law, although covering a situation similar to the one at bar, was not intended to cover a salaried officer, who could not in any way gain personally by the exaction of the fee, and that the defend-

ant here is a salaried officer, and any fee that he may have demanded in the case at bar would have gone to the city of New York. Appellant also points out that the statute is penal, and clearly intended to provide a punishment for extortion on the part of a public officer, and surely must have been intended only for cases where the officer sought to profit by the illegal exaction of a fee, and that where an officer, with no hope of personal profit, has acted in good faith, without personal motives, and in the firm conviction that the law required him to collect the fee as demanded, and that perhaps he might be liable for not collecting the fee, that to such a case the law was not intended to apply.

A careful review of the statutes, briefs, and cases cited there seems to point to the conclusion that the provisions of section 67 of the Public Officers Law are mandatory; that the statute does not distinguish between fee and salaried officers, and leaves no discretion with the public officer designated, nor involve any question of good faith and intention. Furthermore, the statute, in addition to its penal nature, provides for a liability to the person aggrieved, with the purpose, no doubt, that he may recoup himself threefold for the damages he may actually have suffered by reason of the illegal act. The punishment and liability seems to be absolute, and in no wise limited or restricted. There seems no way to avoid the conclusion that the punishment and liability follow the offense as a matter of course, and are not dependent upon any other consideration. Had the statute the limitation claimed by appellant, or if a fair interpretation justified same, surely some provision would have been inserted therein for the recovery of fees, or moneys, demanded or collected illegally by public officers through mistake of law, in good faith, and without willful intent to extort. The case of Hatch v. Mann, 15 Wend. 44, cited by the appellant, indicates that, from the inception of the law upon the subject-matter in question, the Legislature, following the common law, did not intend or attempt to draw any distinction between fee and salaried officers.

Judgments affirmed, with costs. All concur.